**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy-Ann R James, | NO. CV-23-00421-PHX-MTM |
| Plaintiff, | MEMORANDUM OF DECISION AND ORDER |
| v. | |
| CBRE Incorporated, | |
| Defendant. | |

This matter was assigned to Magistrate Judge Michael T. Morrissey. (Doc. 3). On April 3, 2023, the Magistrate Judge filed a Report and Recommendation with this Court, recommending that Plaintiff's Complaint be dismissed without prejudice.[1] (Doc. 10). On April 14, 2023, Plaintiff filed an Objection. (Doc. 12).

///

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to review complaints brought by all plaintiffs who are proceeding *in forma pauperis* and must dismiss a complaint, or portion of it, if the plaintiff has raised claims that fail to state a claim upon which relief may be granted.

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## II. DISCUSSION

Plaintiff is proceeding *in forma pauperis* and the Court is therefore required to review her Complaint and dismiss it, or a portion of it, if she has failed to state a claim upon which relief may be granted.

Plaintiff's Complaint names as Defendant her former employer, CBRE, Inc. (Doc. 1). The Complaint alleges violations of Title VII of the Civil Rights Act, specifically race discrimination and retaliation. (Id.) The Complaint does not provide any factual allegations and leaves several sections of the Complaint form blank—including sections pertaining to facts, the dates of alleged discriminatory acts, whether Defendant was still committing discriminatory acts, and the relief sought. (Id.)

Because the Complaint was "deficient of any facts supporting her claim or describing Defendant CBRE's involvement in the alleged discriminatory conduct," the Magistrate Judge found that Plaintiff had failed to state a claim for race discrimination and retaliation under Title VII. (Doc. 10 at 3-4). As such, the Magistrate Judge recommended that the Court dismiss the Complaint without prejudice.

In her Objection, Plaintiff requests leave to amend her Complaint. (Doc. 12). The Objection also provides the relief Plaintiff is seeking and states that Defendant terminated

Plaintiff's employment after "a discrimination complaint with the HR department was done." Attached to the Objection is a letter from the Equal Employment Opportunity Commission ("EEOC"), informing Plaintiff that her charge is dismissed and providing her a right to sue. (Doc. 12 at 3).

Even taking the Complaint and Objection together, Plaintiff has failed to provide allegations specific enough to sufficiently state a claim under Title VII. To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show that she: (1) is a member of a protected class, (2) is qualified for her job and was performing it according to CBRE, Inc.'s legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside her protected class. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). For her retaliation claim, Plaintiff must show that: (1) she engaged in protected activity, (2), she suffered an adverse employment action, and (3) the two are causally linked. See Porter v. Cal. Dep't of Corr., 419 F.3d 885, 894 (9th Cir. 2005).

Here, the Complaint—even read in conjunction with the Objection—fails to provide sufficient facts to support many of the above-listed elements of a Title VII claim. Specifically, Plaintiff fails to allege facts to support elements (1), (2), and (4) of a *prima facie* case of discrimination under Title VII. In addition, Plaintiff fails to allege facts to support element (3) of a retaliation claim.

Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation and dismiss this Complaint without prejudice. Plaintiff may file an amended complaint that provides more specific allegations.

For the reasons set forth above,

**IT IS HEREBY ORDERED adopting** the Report and Recommendation of the magistrate judge (Doc. 10).

**IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's Complaint for failure to state a claim. (Doc. 1).

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend her Complaint. Plaintiff shall file any such amended complaint no later than <u>May 15, 2023</u>. Failure to meet this deadline will result in termination of this action.

Dated this 24th day of April, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge