# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacy-Ann R James, | No. CV-23-00421-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| CBRE Incorporated, | |
| Defendant. | |

*Pro se* Plaintiff Stacy-Ann R James filed a Complaint, (Doc. 1), and Application for Leave to Proceed In Forma Pauperis, (Doc. 2), on March 9, 2023. The Complaint alleged discrimination and retaliation by Plaintiff's former employer, CBRE Inc., in violation of Title VII of the Civil Rights Act of 1964. On April 3, 2023, the Magistrate Judge issued a Report and Recommendation (R & R) granting Plaintiff's application and recommending that Plaintiff's Complaint be dismissed with leave to amend due to Plaintiff failing to establish a prima facie case of discrimination and retaliation. (Doc. 10). Plaintiff objected to the R & R on April 14, 2023. (Doc. 12). On April 24, this Court adopted the Magistrate Judge's R & R and dismissed Plaintiff's complaint without prejudice and with leave to amend by May 15, 2023. (Doc. 13). Plaintiff filed a First Amended Complaint on May 8, 2023. (Doc. 14). The Magistrate Judge then issued a second R & R which recommended that Plaintiff's First Amended Complaint be dismissed without prejudice due to Plaintiff again failing to plead a cause of action under Title VII. (Doc. 15). This Court adopted the second R & R and dismissed Plaintiff's First Amended Complaint, allowing Plaintiff until

August 18, 2023, to file a second amended complaint. (Doc. 16). Plaintiff has not filed a second amended complaint in accordance with the Court's order and timeframe; as such, the Court will consider whether dismissal of this matter is appropriate.[1]

Plaintiff has the general duty to prosecute this case. See Fidelity Phila. Tr. Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

**IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

**IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

The Court finds that an R & R is unnecessary in this case and will thus directly rule on the matter.

availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal. The fourth factor weighs against dismissal; however, it does not outweigh the first three factors. Plaintiff has now had two opportunities to amend her complaint to comply with the rules of pleading, and Plaintiff has not done so. Plaintiff's failure to comply with the Court's Orders and file an amended complaint by the August 18, 2023 deadline prevents this matter from moving forward.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Plaintiff's claims will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, for the reasons set forth,

**IT IS ORDERED dismissing without prejudice** this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate this matter.

Dated this 31st day of August, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge